**In the Matter of Robbin Ray ELLIS, Debtor.**

**Bankruptcy No. S–83–00602–8(A).**

United States Bankruptcy Court, E.D. North Carolina.

Aug. 23, 1983.

Stephen L. Beaman, Wilson, N.C., for trustee.

H. Frank Allen, Tarboro, N.C., for debtor.

### MEMORANDUM OPINION

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the Objection To Exemption filed on behalf of the bankruptcy trustee by Mr. Stephen L. Beaman, Attorney at Law, Wilson, North Carolina. Mr. H. Frank Allen, Attorney at Law, Tarboro, North Carolina, represents the debtor.

### FINDINGS OF FACT

On February 18, 1983, Robbin Ray Ellis (Ellis), debtor, owned a 1980 Chevrolet Monza automobile. The car was financed

through a local bank and the loan balance due was Two Thousand Four Hundred Eighty-One and 34/100 Dollars ($2,481.34). That day, February 18, Ellis bought a 1983 Chevrolet Camaro automobile for a price of Thirteen Thousand One Hundred Fifty-Seven and No/100 Dollars ($13,157.00). The 1980 Monza was traded in as part of the purchase. In return for the trade-in the Camaro dealer paid the loan balance owed on the Monza and allowed Ellis a net trade-in equity value of Two Thousand Six Hundred Fifty-Seven and No/100 Dollars ($2,657.00) toward the new car purchase. The trade-in equity allowance reduced the amount owed on the 1983 Camaro to Ten Thousand Five Hundred and No/100 Dollars ($10,500.00), and Ellis financed that amount through General Motors Acceptance Corporation.

Less than ninety days later, on April 4, 1983, Ellis filed a Chapter 7 bankruptcy petition. She claimed a One Thousand and No/100 Dollars ($1,000.00) exemption in the 1983 Camaro pursuant to N.C.Gen.Stat. § 1C–1601(a)(3). The bankruptcy trustee filed an objection to the exemption on the basis of N.C.Gen.Stat. § 1C–1601(d).

## ISSUE

The issue before the Court is whether Ellis is entitled to her claimed exemption in the 1983 Camaro in view of N.C.Gen.Stat. § 1C–1601(d).

## CONSIDERATION OF ISSUE

N.C.Gen.Stat. § 1C–1601(a)(3) provides that "[e]ach individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of his creditors ... [t]he debtor's aggregate interest, not to exceed one thousand dollars ($1,000) in value, in one motor vehicle."

N.C.Gen.Stat. § 1C–1601(d) provides as follows:

Recent Purchases. The exemptions provided in subdivisions (2), (3), (4) and (5) of subsection (a) of this section are inapplicable with respect to tangible personal property purchased by the debtor less than 90 days preceding the ... filing of a petition for bankruptcy.

The bankruptcy trustee interprets § 1C–1601(d) to deny the debtor her exemption in any tangible personal property acquired within the ninety (90) days regardless of whether the debtor's position is thereby improved or any creditor's position worsened with respect to exemptions. The State of North Carolina has expressed in its exemption statute an interest in ensuring that a bankruptcy debtor retain sufficient possessions for a fresh start. N.C.Gen.Stat. § 1C–1601(a). To prevent certain abuses, sections such as § 1C–1601(d) were enacted. The trustee's interpretation would extend § 1C–1601(d) beyond the area of abuse prevention and into the area of technical and impractical deprivation of exemptions.

The obvious purpose of N.C.Gen.Stat. § 1C–1601(d) is to prevent pre-petition planning whereby a debtor uses non-exempt property to purchase exempt personal property, or purchases exempt personal property with the proceeds of a dischargeable loan obligation. *In re Hallman,* 26 B.R. 34 (Bkrtcy.W.D.N.C.1982). The term "purchase" does not encompass every means of acquiring property, and should be defined in the § 1C–1601(d) context so as not to include an acquisition of exemptable property by exchange of life, exemptable personal property where there is no new interest in property obtained, but merely a transfer of equity from the property given to the property received. This definition allows the statute to accomplish its purpose of denying debtors the benefit of certain pre-bankruptcy petition planning, but will not unnecessarily hinder an honest debtor who trades certain property which could be claimed as exempt for other property of like kind a short time before seeking a fresh start.

In the present case the debtor, Ellis, traded in a 1980 Monza with net equity of Two Thousand Six Hundred Fifty-Seven and No/100 Dollars ($2,657.00). The equity was, in effect, transferred to the 1983 Camaro, the prior loan paid, and the balance financed. No additional property was transferred. The credit extended on each

car was secured by a security interest in that car. The exemptable equity value available to Ellis was the same both before and after the transaction.

This result is particularly appropriate where the trade-in of one automobile for another is involved. A debtor's fresh start will often depend upon the availability of an automobile. Many debtors, particularly in this district, live in suburban or rural areas and find services and employment opportunities increasingly centralized and public transportation inaccessible. The State of North Carolina has recognized the particular importance of the automobile to a debtor by including an automobile exemption provision in N.C.Gen.Stat. § 1C–1601(a).

### CONCLUSIONS OF FACT AND LAW

The Court finds that the transaction in which Ellis traded her 1980 automobile for a 1983 Chevrolet Camaro automobile was not a purchase within the meaning and intent of N.C.Gen.Stat. § 1C–1601(d), and the Court concludes that the bankruptcy trustee's objection to the claimed exemption in the 1983 automobile should be denied.

An order will be entered accordingly.